UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANQUES ATKINSON,

     Applicant,

v.                                   CASE NO. 8:25-cv-1557-SDM-AEP

STATE OF FLORIDA,

     Respondent.

_____/

## **ORDER**

Atkinson applies under 28 U.S.C. § 2241 for the writ of habeas corpus and asserts that he was unlawfully arrested without a warrant.  (Doc. 1)  Under Section 2241(c), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ."  The essence of Atkinson's request is for this district court to intervene into a pending state criminal proceeding. [*]

Generally, the "abstention doctrine" bars federal intervention in an ongoing state court proceeding.  "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."  *Younger v. Harris*,

_____

[*] The district court judicially notices the online docket for the Circuit Court for Pinellas County, Florida, which docket is accessible by searching Atkinson's name at https://courtrecords.myPinellas clerk.gov/. The docket confirms that Atkinson is a pretrial detainee with trial set for later this year.

401 U.S. 37, 45 (1971). The breadth of *Younger's* caution against federal intervention is explained in *Allee v. Medrano*, 416 U.S. 802, 836, 838 (1974):

> To meet the *Younger* test [and warrant federal intervention, an applicant] must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts. . . . A federal court must be cautious, however, and recognize that our criminal justice system works only by according broad discretion to those charged to enforce laws.
>
>     . . . .
>
> Unless the injury confronting a state criminal defendant is great, immediate, and irreparable, and constitutes harassment, the prosecution cannot be interfered with under *Younger*. The severity of the standard reflects the extreme reluctance of federal courts to interfere with pending state criminal prosecutions.

*Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances."). Atkinson presents no compelling reason to intervene in state court.

Additionally, Atkinson's application is premature because he cannot proceed in federal court before presenting the claim to the state courts — a process called exhaustion of state court remedies — as explained in *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 490 (1973) (internal quotation omitted):

> The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement.

Unlike Section 2254, which explicitly requires exhaustion, Section 2241 contains no statutory exhaustion requirement.  Nevertheless, a party seeking relief under Section 2241 must present the claim to the state court before seeking relief in federal court. *Moore v. DeYoung*, 515 F.2d 437, 442 (3rd Cir. 1975), explains that "although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."  *Accord Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022) ("It is by now well-settled that district court may not grant a Section 2241 petition 'unless the petitioner has exhausted all available state remedies.'") (quoting *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985)); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring) (citing *Braden* and *Moore*).  As a consequence, the district court cannot grant the requested relief.

The application for the writ of habeas corpus (Doc. 1) is **DISMISSED AS PREMATURE**.  The clerk must close this case.


## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Atkinson is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first

- 3 -

issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Atkinson must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly premature, Atkinson is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**. Atkinson must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 26, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE